SEIDL, by guardian *ad litem,* Appellant, vs. KNOP, Re-
spondent.

*May 4—May 31, 1921.*

*Master and servant: Automobiles: Employee giving third party*
*ride: Negligence as to latter: Liability of master.*

1. Where a truck driver digressed from the proper side of the
   road to pick up plaintiff, whom he had invited to ride with
   him in violation of his duties to his employer, the employer
   was not liable for the driver's negligence in running into
   plaintiff, since the act of the employee in digressing from his
   usual course was an act outside of his employment.
2. An act of a servant or agent cannot be deemed to be within
   the course of the employment unless, upon looking at it, it
   can fairly be said to be a natural, not disconnected and not
   extraordinary, part or incident of the service contemplated.

APPEAL from a judgment of the circuit court for Mil-
waukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

The action was brought by plaintiff for personal injuries
claimed to have been sustained when plaintiff was struck by
a truck belonging to the defendant and driven by his
employee, Walter Reese.

On the day of the accident Walter Reese invited the
plaintiff to ride with him from the gravel pit of defendant
towards town. During this journey an arrangement was
made between them whereby Walter Reese was to meet the
plaintiff about 4 o'clock in the afternoon of the same day
at a saloon on the Port Washington road on his return to the
gravel pit. As Walter Reese drove the truck going north
on the Port Washington road towards the saloon at the
arranged time, plaintiff stepped out into the middle of the
road and waved his hand, indicating that Reese should stop
the truck for the purpose of taking him on. The truck was
about two blocks away at the time that the plaintiff first
observed it, and was coming north on the east of the mid-
dle of the road. As Reese approached the plaintiff he

crossed the road towards him and turned his course in the plaintiff's direction, intending to stop the truck to the west of the plaintiff so that the plaintiff would have an opportunity of taking the seat on the truck on the right-hand side, Reese being seated on the left-hand side of the truck. As the truck approached the plaintiff he also moved to the west towards the curb. The truck collided with plaintiff from three to six feet east of the curb. Plaintiff claims that when he first saw the truck approaching, Reese was driving at a rate of between twelve and twenty miles per hour, which speed he diminished to eight or ten miles per hour as he approached plaintiff. Reese, on the other hand, contends that when he first observed plaintiff he was driving at about eight miles per hour. Plaintiff further contends that after the accident Reese admitted that he had been playing with plaintiff and was attempting to scare him as he approached. This was denied by Reese.

Two principal defenses were raised by defendant: first, that at the time of the accident Walter Reese was not acting within the scope of his employment; and second, that there was no negligence on the part of Walter Reese, but that the collision was caused by the contributory negligence of plaintiff.

The trial court directed a verdict in favor of defendant and ordered judgment dismissing the complaint. The circuit court, after hearing the appeal, affirmed the decision of the trial court. Appeal is taken from this judgment.

For the appellant there was a brief signed by *Ray J. Cannon,* and oral argument by *Mr. Cannon* and *Mr. A. W. Richter,* both of Milwaukee.

For the respondent there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Emmet Horan, Jr.,* of counsel, all of Milwaukee; and the cause was argued orally by *Mr. Horan.*

SIEBECKER, C. J.   The plaintiff claims that the defendant is liable for the injury he sustained upon the ground that the alleged negligence of Reese, as driver of defendant's truck, was an act in the execution of his general authority, and hence at the time of the collision he was acting within the scope of his employment.   On the part of the defendant it is claimed that the facts and circumstances show that at the time of the accident Reese and the plaintiff were engaged in executing a personal arrangement to give plaintiff a ride on the truck, and that Reese digressed from his course of driving the truck and therefore was outside of his authority and the course of his employment.   The general rule of law respecting the master's liability for the acts of his servant in cases of this nature has been repeatedly adverted to in the decisions of this court under a variety of circumstances and conditions.   Among them are the following: *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Cobb v. Simon,* 119 Wis. 597, 97 N. W. 276; *Schultz v. La Crosse City R. Co.* 133 Wis. 420, 113 N. W. 658; *Topolewski v. Plankinton P. Co.* 143 Wis. 52, 126 N. W. 554; *Firemen's F. Ins. Co. v. Schreiber,* 150 Wis. 42, 135 N. W. 507; *Gewanski v. Ellsworth,* 166 Wis. 250, 164 N. W. 996; *Oakes v. Marshall-Wells H. Co.* 158 Wis. 165, 147 N. W. 832; *Smith v. Yellow Cab Co.* 173 Wis. 33, 180 N. W. 125; *Thomas v. Lockwood Oil Co. post,* p. 486, 182 N. W. 841.   It is undisputed that plaintiff, while riding with Reese on the trip with the truck in the morning, arranged with Reese to meet him on the Port Washington road in the afternoon and ride home with him on the truck, and that they were engaged in carrying out this arrangement when the accident occurred.   It is clear that Reese violated his duties towards defendant in engaging to carry other persons on the truck.   It also appears that he digressed from the proper side of the road to the wrong side to pick up plaintiff for a ride on the truck, thus doing

the very thing he had no authority to do. Can it be said that, because at the time of doing these unauthorized acts he was engaged in driving the truck on a trip to get a load of gravel, the plaintiff's injuries were caused by Reese while acting in the course of his employment? As has been often said, the rule is plain, but its application is not always readily perceived. We think the law on this subject as stated in the text of sec. 1880, 2 Mechem, Agency (2d ed.), is helpful in these cases. It is there said:

"Not every act which an agent or servant may do while he is in the place appointed for the service, or during the time in which he is engaged in the performance, can be deemed to be within the course of the employment, or within the scope of the authority. The test lies deeper than that; it inheres in the relation which the act done bears to the employment. The act cannot be deemed to be within the course of the employment unless, upon looking at it, it can fairly be said to be a natural, not disconnected and not extraordinary, part or incident of the service contemplated."

It is manifest that the arrangement between plaintiff and Reese to take plaintiff on the truck and give him a ride on this trip was a wholly disconnected act of Reese's employment, and that Reese's course of driving from the proper side of the road to the wrong side for the purpose of taking plaintiff on the trip was not a part or incident of the service involved in his employment, and therefore was an act outside of the course of his employment. The trial court properly held that plaintiff's complaint should be dismissed.

*By the Court.*—The judgment appealed from is affirmed.