Eckel, by guardian *ad litem,* Respondent, vs. Richter, Appellant.

*November 10—December 7, 1926.*

*Negligence: Master and servant: Agent acting within scope of his employment: Deviation for his own purposes: Liability of master for tortious acts of servant: Employee of meat market using employer's car to deliver meat and to go to lunch: Failure to use shortest possible route in returning.*

1. Where the evidence in a personal injury action was such that, if defendant's evidence were believed, the jury might well have found contributory negligence, and plaintiff's evidence, if believed, sustained the claim that there was no negligence on his part, the question of contributory negligence was for the jury. p. 412.
2. The master is liable for all acts of his servant while engaged in the master's business within the scope of the authority of the

servant; but if the servant steps aside and proceeds to serve some purpose of his own, the master is not liable.  p. 412.

3. Even though the departure of the servant from the scope of his employment is very slight, if the act performed is one in furtherance of his own purposes and without the scope of his employment the master is not liable.  p. 412.

4. An employee who used his master's automobile to drive home for lunch and to deliver meat to his home and who called for a friend after lunch with the intention of going swimming, but changed his mind, and who, while traveling along the usual route to his master's business place, injured plaintiff, is *held* to have been acting within the scope of his employment at the time of the accident.  p. 413.

5. The fact that the servant did not take the shortest possible route to his master's place of business was not a departure from his employment, since a choice of route, in the absence of specific directions, is open to the employee.  p. 413.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge.  *Affirmed.*

Personal injury, agency.  On the 22d day of June, 1925, the plaintiff, *Philip Eckel,* was injured while riding a bicycle by a collision with an automobile owned by the defendant, *Rudolph Richter,* then being driven by Lawrence Ohlson, a minor over sixteen years of age.  The defendant owned and operated a butcher shop in the city of Manitowoc and Ohlson was employed by him in and about the shop. Ohlson was accustomed to take the defendant's automobile to go home for his noon meal, the regular period being between 12:30 and 1:30 p. m.  On the day in question he asked his employer for permission to take the delivery truck for that purpose.  It appears that there had been some meat purchased at the defendant's shop in the regular course of business for the Ohlson family, and it was understood by the defendant that Ohlson was to take with him and make delivery of the meat at the time he went to his home for his noon meal.  He reached his home, had his meal, and then drove west to pick up one Wensolav Cerne, the two intending to go swimming.  They went either by way of New York

or Michigan avenue to the viaduct, but before they had departed from a usual and ordinary route of travel to reach the defendant's place of business they saw a clock and observed that they did not have time to go swimming and abandoned the trip. This happened while they were upon the viaduct. As they drove off the southerly end of the viaduct, the plaintiff, riding his bicycle, was ahead of and to the right of the path of the automobile. He was being followed by one Olson, also upon a bicycle. There was a collision which resulted in the injury of which plaintiff complains. It is the claim of the plaintiff that the car was driven into his bicycle by Ohlson, while on behalf of the defendant it is claimed that in response to a signal the plaintiff looked around and in so doing turned his bicycle into the path of the automobile.

Suit was brought, the jury found by special verdict that the driver, Ohlson, failed to exercise ordinary care in the management and operation of the automobile or truck; that such failure was the proximate cause of the collision and of the injuries sustained by the plaintiff; that the plaintiff was not guilty of contributory negligence; that at the time of the collision Ohlson was using the automobile as an employee of the defendant and within the scope of his employment, and assessed the plaintiff's damages at $4,375. There were the usual motions after verdict, plaintiff had judgment upon the verdict, from which judgment the defendant appeals.

For the appellant there was a brief by *A. D. Strouf,* attorney, and *Nash & Nash,* of counsel, all of Manitowoc, and oral argument by *Mr. Strouf.*

For the respondent there was a brief by *Hougen & Brady* of Manitowoc, and oral argument by *Charles E. Brady* and *A. L. Hougen.*

ROSENBERRY, J. The defendant contends, first, that the plaintiff was guilty of contributory negligence as a matter

of law.   Without reciting the evidence at length, it is sufficient to say that there was a clear conflict in the evidence.   If the jury had believed the evidence which was offered to sustain the defendant's claims, they might well have found for the defendant.   On the other hand, if they believed the evidence offered to sustain the claim of the plaintiff, there was ample evidence to sustain that finding. Under such circumstances the court cannot say as a matter of law that the plaintiff was guilty of contributory negligence.

The second contention made by the defendant is that the employee, Ohlson, was at the time of the accident using the automobile for purposes of his own and was at the time of the accident not acting within the scope of his employment.   The master is no doubt liable for all acts of his servant while engaged in his master's business within the scope of the servant's authority, but if the servant steps aside and proceeds to serve some purpose of his own, the master is not liable.   *Firemen's Fund Ins. Co. v. Schreiber,* 150 Wis. 42, 135 N. W. 507.

The departure of the servant from the scope of his employment may as measured in terms of time or space be very slight, nevertheless if the act performed be one in furtherance of his own purposes and without the scope of his employment the master is not liable.   *Seidl v. Knop,* 174 Wis. 397, 182 N. W. 980.

Under the findings of the jury and upon the undisputed evidence it appears in this case that the driver, Ohlson, took the automobile for a double purpose: (a) for a purpose of his own, that is, to go to his home for the purpose of procuring his noon meal; (b) for the purpose of delivering a package of meat purchased by the Ohlson family from the defendant in the regular course of business, which it was his duty to deliver.   Under the facts of this case it cannot be said that the delivery of the meat was a mere incident

and that the dominant or principal purpose was the procuring of the employee's meal. From all that appears in the case, had Ohlson not gone to his home for his noon meal he would have been compelled to make the trip to deliver the meat. Such at least is a fair inference and it is confirmed by the finding of the jury. It appears from the evidence of disinterested witnesses that the route which the driver, Ohlson, took on his return was the usual, ordinary, and customary route, although not the shortest one, from the Ohlson residence to *Richter's* place of business. While he had formed the intention at his home and had called for his chum for the purpose of carrying out his intention to go swimming, while on the usual, customary, and ordinary route to his employer's place of business he abandoned that purpose and determined to proceed to the defendant's place of business in order to resume his employment which he was under obligation to do at 1 : 30 o'clock, and at the same time to return the automobile.

Being engaged in the use of the defendant's automobile for a double purpose and having done or performed no act inconsistent with the prosecution of his employer's business, which was one of the purposes for which the automobile was taken, he was at the time of the accident acting within the scope of his employment and in furtherance of the master's business.

We do not attach great importance to the fact that the driver, Ohlson, did not proceed to return by the shortest route. In the absence of specific directions from the employer, the choice of route is open to the employee, and if he pursues an ordinary, customary, and usual route that does not amount to a departure from his employment even though it is not the shortest possible route. *Thomas v. Lockwood Oil Co.* 174 Wis. 486, 182 N. W. 841.

*By the Court.*—Judgment affirmed.