352

SHEBOYGAN AIRWAYS, INC., and others, Respondents, vs. INDUSTRIAL COMMISSION and another, Appellants.

*October 11—November 9, 1932.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the appellant Signa Field there was a brief by *Clifford & Dilweg* of Green Bay, and oral argument by *G. F. Clifford.*

For the respondents there was a brief by *Arthur H. Gruhle* and *Buchen & Schlichting,* all of Sheboygan, and oral argument by *G. W. Buchen.*

FRITZ, J.  Marshall Field was killed while piloting an airplane owned by the Sheboygan Airways, Inc.  That corporation owned two airplanes, which were used to carry for hire principally passengers, and at times students in aeronautics. Field had been employed at a monthly salary by the corporation to pilot its airplanes when carrying passengers for hire, and also to give instructions to its students.  However, at the time of his death, instead of receiving a salary for his full time, Field was paid by the corporation only for his services in transporting passengers or students for hire, and his compensation for such services consisted of a percentage of the specified amounts charged by the corporation for such transportation.  When Field was not so engaged for the corporation, he was permitted to give ground-course instruction to students for compensation paid to him by them.  The passengers for hire were required to pay in advance, and upon their making such payment tickets were usually issued to them.  Field's injuries were sustained upon the falling of an airplane, which he was piloting, and in which he was carrying two passengers.

The award of compensation for Field's death, as an employee of the Sheboygan Airways, Inc., was challenged by

the plaintiffs on the grounds that the Industrial Commission had erred in holding (1) that that corporation had three or more persons in its employment at one time, because of which fact the corporation and Field were subject to the provisions of the workmen's compensation act, within the meaning of secs. 102.05 (2) and 102.07 (4), Stats.; (2) that at the time of the flight, and particularly at the time of the accident, Field was engaged in performing service growing out of and incidental to his employment; and (3) that the Industrial Commission had jurisdiction over the subject matter of this action and that jurisdiction thereof was not vested exclusively in the federal government.

As regards the first of those grounds, the commission's formal findings, holding that Field and the corporation were subject to the provisions of the workmen's compensation act, were predicated upon its conclusion stated in its memorandum decision, after some discussion of the facts in detail, that "the testimony establishes to our satisfaction that before Field's death the respondent had had, on various occasions, three or more persons in common employment at a given time." A review of the evidence discloses that there was credible evidence to establish that on some occasions, when there were crowds at the flying field, from three to five persons, some of whom were also officers of the corporation, were employed at its instance in moving and preparing the airplane for service, and in soliciting and handling passengers who were to be carried in airplanes piloted by Field and another pilot. In compensation for those services, those persons were transported in the corporation's airplanes and were given instructions by Field, under such circumstances that there was established at least an implied contract of hire and the resulting relation of employer and employee within the meaning of sec. 102.07 (4), Stats. *National Film Service v. Industrial Comm.* 206 Wis. 12, 238 N. W. 904. Consequently, the Industrial Commission was warranted in holding that the corporation and Field were subject to the provisions

of the workmen's compensation act, and no error was committed by the circuit court in approving that conclusion.

As to the second ground for challenging the Industrial Commission's award, the plaintiffs contend that at the time of the flight and accident Field was not engaged in performing service growing out of and incidental to his employment by the corporation, but that he was then engaged in a "frolic of his own," which was wholly foreign to the nature and scope of his employment by the corporation in two respects, viz. :

(1) He was transporting the two passengers gratuitously as a matter of favor to them, and solely in furtherance of his own purposes, without any compensation or benefit to the corporation whatsoever;

(2) The fall of the airplane was caused by his voluntarily engaging in stunt or acrobatic flying in that he attempted to execute a power dive, which, when undertaken while carrying passengers or in an airplane unequipped with parachutes, was in violation of the statutes and the federal air-traffic rules.

The only statement which appears in the formal findings and award of the Industrial Commission that bears any relation at all to either of those propositions is as follows :

"That at the time of his injury the deceased was engaged in performing service growing out of and incidental to his employment by the respondent, Sheboygan Airways Incorporated, to wit: that applicant was piloting an airplane containing two passengers, which action on the part of deceased was performed in pursuance of his contract with the respondent."

That does not mention at all the matter of the power dive, and as regards the transportation of the two passengers it states merely the conclusion that Field was piloting them in pursuance to his contract of employment. That conclusion, as well as the conclusion that he was engaged in performing

service growing out of his employment, which might have been intended to be applicable to either of the two propositions advanced by plaintiffs, does not have the conclusive effect of a finding of fact upon a disputed issue. *Tesch v. Industrial Comm.* 200 Wis. 616, 619, 229 N. W. 194; *Seaman Body Corp. v. Industrial Comm.* 204 Wis. 157, 165, 235 N. W. 433. However, in this case those conclusions are not to be given any such conclusive effect for the additional reason that it appears in the memorandum decision of the Industrial Commission that its determination did not extend to either of those propositions because it did not consider either of them material or vital to the issues. Thus in relation to the first proposition the commission said:

"Whether he collected fares before or after the ride, whether credit was given or whether no fare was collected, we consider as not vital."

In relation to the second proposition it said:

"It is contended by the respondents that Field was engaged in acrobatic flying, contrary to air-traffic rules, and that his action while so doing took him out of the course of his employment. There is evidence from which it might be inferred that Field was engaged in acrobatic or stunt flying when injured. Whether or not he did so, we believe immaterial to the issue."

In passing upon those propositions on the trial of this action the circuit court concluded, on the one hand, that although "in all probability it was a free ride," such a minor infraction would not have the far-reaching effect of taking Field out of the course of his employment; and, on the other hand, as to the second proposition the circuit court concluded that Field "occupied an entirely different relationship with reference to his employer when he met his death. Up to the time of the dive he was clearly performing service in the course of his employment, but the moment he went into the dive he began doing an act which was unnecessary in the

performance of his duty and which in no manner did or could possibly have furthered the interests of his employer;" and that he "deliberately by his own act completely stepped out of the course of his employment for the sole and only purpose of gratifying his own pleasure of having a thrill."

We consider findings of fact by the Industrial Commission as to each of those issues of fact material and necessary in order to determine whether, as a matter of law, Field was engaged in performing service growing out of and incidental to his employment by the Sheboygan Airways, Inc., when he was injured. If, as plaintiffs contend, the evidence establishes as matters of fact that Field used his employer's airplane to give his personal acquaintances a free ride solely for their enjoyment, without in any manner benefiting or furthering his employer's interests; or if he gave them a ride in exchange for liquor solely for his personal use; or if while in flight, at their instigation or otherwise, he intentionally departed from the usual and customary method of operating an airplane in transporting passengers, and, in order to gratify his or their desire for an extraordinary thrill, he voluntarily entered upon stunt or acrobatic flying by undertaking a power dive, which, contrary to his duty to save and protect his employer's property, subjected it to great and needless peril, then he was clearly outside of the scope of his employment at the time of his injury. As this court said in *Firemen's Fund Ins. Co. v. Schreiber,* 150 Wis. 42, 59, 62, 135 N. W. 507:

"A mental attitude of stepping aside, even momentarily— turning the attention to the accomplishment of a purpose solely outside of that of promoting the object of the employment, effectually breaks the connection between the servant and the master,—leaves no 'nexus' between them, as is said in the authorities, vital to the latter's liability. . . . He wilfully, knowingly, did the wrongful act for purposes entirely foreign to his employment. He was not hired to do any such act. How then can it be said that it was done within the scope of his employment?"

Again in *Eckel v. Richter,* 191 Wis. 409, 412, 211 N. W. 158, this court said:

"The departure of the servant from the scope of his employment may as measured in terms of time or space be very slight, nevertheless if the act performed be one in furtherance of his own purposes and without the scope of his employment the master is not liable."

To the same effect see *Mittleman v. Nash Sales, Inc.* 202 Wis. 577, 232 N. W. 527; *Mandel v. Byram,* 191 Wis. 446, 211 N. W. 145; *Miller v. Frank I. Epstein Co.* 185 Wis. 112, 200 N. W. 645; *Seidl v. Knop,* 174 Wis. 397, 182 N. W. 980; *Gewanski v. Ellsworth,* 166 Wis. 250, 164 N. W. 996; *Steffen v. McNaughton,* 142 Wis. 49, 124 N. W. 1016; *Schultz v. La Crosse City R. Co.* 133 Wis. 420, 113 N. W. 658; *Johnston v. Chicago, St. P., M. & O. R. Co.* 130 Wis. 492, 110 N. W. 424; *Cobb v. Simon,* 119 Wis. 597, 97 N. W. 276; *Bergman v. Hendrickson,* 106 Wis. 434, 82 N. W. 304; *Winkler v. Fisher,* 95 Wis. 355, 70 N. W. 477.

In *Radtke Bros. & Korsch Co. v. Rutzinski,* 174 Wis. 212, 217, 183 N. W. 168, that principle was applied as ground for denying compensation under the workmen's compensation act to an employee who was injured during the period of his employment while doing prohibited work for his own benefit. This court then adopted the rule that—

"Where a claimant . . . does acts different in kind from what he is expected or required to do, which are forbidden and outside the range of his service, he cannot recover."

Of course, that rule is not applicable when an employee, in furtherance of his employer's interests and not merely to further his own personal ends, commits some acts of disobedience as in *Frint Motor Car Co. v. Industrial Comm.* 168 Wis. 436, 170 N. W. 285.

Although the Industrial Commission omitted to make any findings as to either of those two propositions because it considered them immaterial, the circuit court, in connection with

concluding that the matter of the power dive was of crucial consequence as a matter of law, virtually found that Field voluntarily and intentionally engaged in executing such a dive. It was not within the province of the court to make any finding of fact if there was any conflict or dispute in the evidence or the inferences or presumptions which could be drawn therefrom on that subject. *Frank Martin-Laskin Co. v. Industrial Comm.* 180 Wis. 334, 338, 193 N. W. 70. Under such circumstances, as was said in that case,—

"All findings of fact must be made by the commission, and if findings are lacking the record must be sent back to it for such further findings as the court directs to be made."

Although in the case at bar there is not a great deal of evidence as to facts and circumstances which tend to establish how, in the first instance, Field and his two passengers came to embark on the flight, and how subsequently the air-plane proceeded and dove or fell, that evidence does fairly admit of conflicting presumptions and inferences because of which the determination as to the ultimate facts as to those propositions must be left to the Industrial Commission. Instead of supplying those findings by its own determination, the circuit court should have remanded the record under sec. 102.24, Stats., to the Industrial Commission for further hearing and proceedings.

Plaintiffs also contend that the Industrial Commission has no jurisdiction because jurisdiction of aircraft navigation is vested exclusively in the federal government. In that connection it is to be noted that sec. 114.21, Stats., provides, "Aircraft operating within this state shall comply with air-traffic rules identical with those promulgated by the department of commerce of the United States;" and also that one of the air-traffic rules adopted by the department of commerce provides that "The air-traffic rules are to apply whether the aircraft is engaged in commerce or noncom-

merce or in foreign, interstate, or intrastate navigation in the United States." Consequently, although the airplane in question was being operated by Field, at the time of his injury, in intrastate navigation, the federal Air Commerce Act and air-traffic rules promulgated by the department of commerce were applicable. However, it does not appear that either Congress or the department of commerce had adopted any rule as to the compensation of injured employees, or the relative rights and obligations of employees and employers in cases of injury to the former while engaged in the employment. As those subjects do not necessarily require a general system or uniformity of regulation, the power of Congress in relation to them is not exclusive, and consequently the states may act within their respective jurisdictions until Congress does act and thus by the exercise of its authority overrides all conflicting state legislation. *Simpson v. Shepard,* 230 U. S. 352, 399, 400, 33 Sup. Ct. 729, 57 Lawy. Ed. 1511. Consequently, the state workmen's compensation act is applicable to employees and employers who are engaged merely in intrastate aircraft navigation, if they are otherwise subject to its provisions. There is no reason to hold the state workmen's compensation act inapplicable to such an employee unless at the time of injury he was engaged in work which was engaged in interstate commerce or in work so closely related thereto as to be a part thereof. See *Chicago, B. & Q. R. Co. v. Harrington,* 241 U. S. 177, 36 Sup. Ct. 517, 60 Lawy. Ed. 941; *Chicago & E. Ill. R. Co. v. Industrial Comm.* 284 U. S. 296, 52 Sup. Ct. 151, 76 Lawy. Ed. 204 (opinion filed Jan. 4, 1932).

*By the Court.*—Judgment reversed, and cause remanded with directions to vacate the award and to remand the record under sec. 102.24, Stats., to the Industrial Commission for further proceedings for the purposes stated in the opinion.