KELLNER, Respondent, vs. CHRISTIANSEN, Appellant.

*May 2—May 27, 1919.*

*Automobiles: Highways: Injuries by collision: Negligent operation of automobile: Contributory negligence: Question for jury: Trial: Conduct of counsel: Accident insurance: Special verdict: Evidentiary facts: Issues and their submission to jury: Instructions: Findings of jury: Proximate cause: Evidence: Inspection of documents: Appeal: Harmless error: Production of notice or report to insurer: Form of special verdict.*

1. In an action for injuries sustained by plaintiff when struck by defendant's automobile, wherein defendant, over objection, testified that he had notified the insurance company of the accident, the plaintiff had no legal right to have the report or notice produced for his inspection.

2. Evidence that defendant was protected by insurance against the liability complained of was immaterial to the merits of the controversy, and its admission was error.

3. Error in compelling production of defendant's report or notice of the accident to his insurer after his unresponsive answer to an objectionable question stating that he had made the report, could not be attributable to the question and was not prejudicial error.

4. Where the court properly instructed the jury as to the bearing of plaintiff's intoxication on the issues, if they found he was intoxicated, the refusal to submit in the special verdict questions as to whether plaintiff was so intoxicated that his condition proximately produced the injury and whether the injury resulted from mere accident was not error.

5. Refusal of the trial court to submit in the special verdict an inquiry as to whether the injury was the result of mere accident for which no one was responsible was not error, as that inquiry was necessarily included in the questions submitting defendant's negligence and as to whether it was the proximate cause of the injury.

6. The practice of deciding issues in sections by questions covering a part of each issue cannot be approved as good and proper practice, as it tends to subject a trial to the peril of confusing the jury and misleading them into a failure to clearly comprehend the issues and thus to produce mistrials.

7. In an action for personal injuries involving issues of actionable negligence and proximate cause, the submission in the special verdict of questions as to proximate cause which failed to direct the jury's attention to the concrete issue of fact as to whether the negligent speed of defendant's automobile was the proximate cause of the accident, and splitting up the inquiry as to proximate causation by submitting separate inquiries as to the elements of natural result and reasonable anticipation, necessarily led the jury away from the concrete fact whether defendant should have realized that the excessive speed would naturally and probably injure plaintiff, and was erroneous.

8. Mere evidentiary facts, or matters in the nature of a cross-examination of the jury, are not proper subjects for special questions; and ordinarily facts in issue which are really single should not be subdivided or be stated in various forms liable to mislead the jury and result in conflicting answers.

9. Where imperfections in the form of a special verdict as submitted to the jury did not appear to have resulted in an injustice to defendant, against whom there was a judgment, they could not be held to be prejudicial error on appeal.

10. The evidence in this case is *held* to sustain the jury's finding of defendant's want of ordinary care in driving his automobile at a dangerous rate of speed, in the light of the conditions confronting him and having regard to the width, traffic, and use of the highway.

11. In an action for personal injuries sustained by plaintiff when struck by an automobile negligently driven by defendant, the issue of plaintiff's contributory negligence, where the evidence was conflicting, was for the jury.

APPEAL from a judgment of the circuit court for Milwaukee county: EDGAR V. WERNER, Judge.    *Affirmed.*

This action was brought by *Mathias Kellner* to recover damages for personal injuries which he claims were inflicted on him by the negligence of the defendant.

On August 15, 1916, *Mathias Kellner* was struck by an automobile owned and driven by the defendant.    The accident took place between 7:50 and 8:10 p. m. on a public highway near Somers, Racine county.    *Kellner* was walking on the road when the automobile overtook him from the rear. The plaintiff claims that defendant was operating his car at and prior to the time of the accident at a high rate of speed; that he failed to reduce his rate of speed while within 150 feet of and while passing a vehicle going in the opposite direction; that, although it was after sunset, defendant failed to display on the front of his machine a lamp giving a reasonably bright light; that because of the rate of speed at which he was operating his car it was impossible for him to stop it within a reasonable distance.    Plaintiff alleges that the automobile struck him on his right leg near the knee; that defendant shortly after the accident took plaintiff to his home in defendant's machine, but ill-treated him in the manner in which he lifted him into his automobile.    *Kellner* claims that he has been permanently lamed by the accident, that he has suffered great pain and been put to great expense, and that his earning powers have been greatly diminished.

The defendant denies negligence and alleges contributory negligence on the part of the plaintiff.

By a special verdict the jury found that *Christiansen* was operating his car above a reasonable rate of speed at the time of the accident; that he failed to exercise ordinary care; that such want of ordinary care on the part of the defendant was the proximate cause of plaintiff's injuries; that *Kellner* was not guilty of a want of ordinary care that proximately contributed to his injury.    The jury assessed damages at the sum of $3,500.

Kellner v. Christiansen, 169 Wis. 390.

These issues were submitted as follows:

"(1) Did the defendant, *Christiansen,* at the time the plaintiff, *Kellner,* was injured, operate his automobile at a rate of speed greater than was reasonable and proper having regard to the width, traffic, and use of the highway? *A.* Yes.

"(2) If you answer question number 1 'Yes,' then answer this question: With reference to the rate of speed at which the defendant, *Christiansen,* was running his automobile, and just before the time the plaintiff, *Kellner,* was injured, did the defendant, *Christiansen,* fail to exercise such care as the great mass of mankind ordinarily exercise when acting under the same or similar circumstances? *A.* Yes.

"(3) If you answer question number 2 'Yes,' then answer this question: Was the injury to plaintiff, *Kellner,* under such circumstances the natural and probable result of such course of conduct on the part of the defendant, *Christiansen?* *A.* Yes.

"(4) If you answer question number 3 'Yes,' then answer this question: Ought the defendant, *Christiansen,* under such circumstances, as a person of ordinary intelligence and prudence, to have reasonably foreseen that injury to another person upon the highway may probably follow from such person's conduct? *A.* Yes.

"(5) Did any want of ordinary care on the part of the plaintiff, *Mathias Kellner,* proximately contribute to his injury? *A.* No."

Question 6 covered the subject of damages.

The court found the sum awarded by the jury ($3,500) excessive and reduced it to the sum of $2,500. An order was entered granting a new trial of the action unless plaintiff elected within twenty days to remit the sum of $1,000 and take judgment for the sum of $2,500 and costs. The plaintiff elected to remit $1,000, whereupon judgment was entered in his favor in the sum of $2,500 damages and $161.93 costs. This is an appeal from such judgment.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

For the respondent there was a brief by *Nohl & Nohl* of Milwaukee, and oral argument by *Max W. Nohl.*

SIEBECKER, J.    It is contended that the court erred in permitting defendant to answer, over objection, the following questions: "Did you make any written report of the accident?" and "To whom did you hand this report?"    To the first question the defendant answered: "I notified the insurance company; that is the only one."    Upon objection to the second of the foregoing questions plaintiff's counsel addressed this inquiry to defendant's counsel: "Will you produce the report?" which was refused.    The court then had the jury retire and heard counsel.    When the jury returned the report was exhibited to the witness.    It is obvious from what took place that plaintiff's counsel wrongfully assumed that they were entitled to have the report exhibited to them under the proceedings up to this point of the trial.    Nothing appeared to make this report a proper subject of inquiry in the case.    The claim that plaintiff had a legal right to have the report produced for inspection under the circumstances disclosed, is not supported by the established rules of evidence and procedure.    Nothing had developed in the trial making the report competent and material evidence in the case.    See *Lehan v. C. & N. W. R. Co., ante,* p. 327, 172 N. W. 787, and *Bell v. Milwaukee E. R. & L. Co., post,* p. 408, 172 N. W. 791.

Another exception is urged to these inquiries of the defendant on the ground that they necessarily required and were intended to disclose to the jury the fact that the defendant was protected by insurance against the liability complained of.    The fact that an insurance company was thus concerned in the litigation was immaterial as to the merits of the controversy between the plaintiff and the defendant. Proof of this fact before a jury upon the trial is objectionable and should be excluded under the rule recognized in *Chybowski v. Bucyrus,* 127 Wis. 332, 106 N. W. 833, and

*Howard v. Beldenville L. Co.* 129 Wis. 98, 108 N. W. 48. Was its compulsory production prejudicial error in this case? The record discloses that the defendant, in response to an objectionable question, gave information of having made the report in an answer that was not responsive to the question put to him.    Under such circumstances the disclosure of this fact cannot be attributed to the question propounded by plaintiff's counsel, and plaintiff cannot be held responsible for the consequences of what defendant improperly volunteered to include in his answer.

It is urged that the court erred in refusing to submit in the special verdict inquiries whether or not the plaintiff was so intoxicated that his condition proximately contributed to produce the injury and whether the injuries were the result of mere accident for which no one was responsible.    The court properly instructed the jury on the bearing plaintiff's intoxication would have on the issues of the case if they found that he was intoxicated.    These instructions made the refusal to submit the special question on the subject immaterial.    The inquiry whether the plaintiff's injuries were the result of mere accident for which no one was responsible was necessarily included in the questions covering defendant's negligence and the question of its being the proximate cause of plaintiff's injuries.    In view of this, the proposed inquiry was covered by the findings of actionable negligence and proximate cause.

"It had no necessary or proper place in the verdict, under the circumstances, since the facts in issue constituting the alleged negligence and its proximate connection with the injury, rendering it actionable, were covered by proper questions."    *Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816.

Complaint is made of the form of the verdict submitted by the court.    The verdict as framed submits the issue of actionable negligence and proximate causation in four questions.    Why this was done is not apparent.    The first question covered the entire inquiry on the issue whether or not

the defendant was guilty of driving his automobile at a negligent rate of speed.   The only other question pertinent to defendant's connection with the alleged cause of action could be: "Was the rate of speed the proximate cause of plaintiff's injury?"   These two questions, submitted with appropriate instruction, would have covered these issues in a direct and simple manner, a practice much to be desired in order to have the controversy readily comprehended by the jury.   The practice of dividing issues in sections, as shown in the foregoing verdict, by questions covering a part of each issue cannot be approved as good and proper practice.   It tends to subject the trial to the peril of confusing the jury and mislead them into a failure of clearly comprehending the issues for their determination and thus produce mistrials.   The question in this verdict on proximate causation aptly illustrates the impropriety of this practice.   It fails to direct the jury's attention to the concrete issue of fact whether defendant's driving at a negligent rate of speed was the proximate cause of the accident.   The question as submitted on this issue splits up the inquiry of proximate causation by submitting separate inquiries as to the elements of natural result and reasonable anticipation.   This necessarily resulted in leading the jury away from the concrete fact whether the defendant ought to have realized that excessive speed of his car would naturally and probably cause the plaintiff an injury.   The observations in the *Mauch Case* on the subject are applicable to this case:

". . . Mere evidentiary facts are not proper subjects for special questions, neither are matters in the nature of cross-examination of the jury; nor, ordinarily, should facts in issue, which are really single, be subdivided or be stated in various forms liable to mislead the jury and draw out conflicting answers."

These imperfections in form of the special verdict do not in the instant case appear to have operated to do an injustice

Kellner v. Christiansen, 169 Wis. 390.

to defendant and hence cannot be held to be prejudicial error on appeal.

The claim is urged that the evidence wholly fails to support the finding of the jury that the defendant was guilty of want of ordinary care in operating his car at a rate of speed greater than was reasonable and proper, having regard to the width, traffic, and use of the highway. The facts and circumstances adduced in evidence bearing on this question cannot be stated in detail here. There is evidence tending to show that the plaintiff and his associate were properly using the road; that before the collision they turned to the side in the right direction to make way for defendant to drive by them; that defendant had observed plaintiff and his companion at a point several hundred feet away from the point of collision. The defendant admits he had ample room on the traveled track to turn out and pass plaintiff. Defendant states he did so turn out, but that plaintiff ran into him. This plaintiff and his companion deny, and state that the defendant struck plaintiff before he had time, in his effort of stepping to the side of the traveled track, to clear the course of defendant's car. These and other facts and circumstances present a state of facts which permits of the conclusion arrived at by the jury in their finding that the defendant was guilty of a want of ordinary care in operating his car at a dangerous rate of speed in the light of the conditions confronting him, having regard to the width, traffic, and use of the highway. The issue of plaintiff's contributory negligence upon all the evidence was clearly one for determination by the jury and its finding thereon must stand.

There is no reversible error presented by the record, and the judgment awarding recovery of $2,500 damages and costs is proper.

*By the Court.*—The judgment is affirmed.