SMITH and wife, Respondents, vs. YELLOW CAB COMPANY and another, Appellants.

*November 16—December 14, 1920.*

*Master and servant: Servant exceeding instructions of master: Respondeat superior: Evidence: Reports in preparation for trial: Trial: Persistence in showing defendant had liability insurance: Excessive damages: Appeal.*

1. Where a taxicab driver, in violation of his master's directions, took passengers outside of the city limits, where they left the vehicle without paying, he was, while returning home, within the scope of his employment so as to render the master liable for his negligence under the doctrine of *respondeat superior.*

2. In a consolidated action by husband and wife against a taxicab company for damages for a collision with their automobile, where a witness who had made a report on the accident, · having stated that he was indirectly an employee of the defendant company, in response to further questions testified that he was an employee of an automobile liability company, it was improper for counsel for plaintiffs to persist in their attempts to show that the defendant was insured.

3. In an action for damages resulting from a collision, a report by an employee of a liability company insuring defendant which covered an interview with the plaintiffs was inadmissible in evidence.

4. Where the jury, notwithstanding misconduct by plaintiffs' counsel in attempting to show that defendant was insured, did not make an excessive award of damages to the wife, it will be presumed that the jury, in assessing the husband's damages, was not prejudiced.

5. Where the only matters in issue were the amount of damages and whether defendant's employee at the time of the accident was acting within the scope of his employment, and the undisputed facts showed as a matter of law that the employee was so acting, misconduct of plaintiffs' counsel in attempting to show that defendant was insured will not be deemed prejudicial, the damages awarded not being excessive.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge.    *Affirmed.*

Actions by husband and wife, consolidated, to recover for personal injuries and for damage to *Mrs. Smith's* automobile sustained in a collision with defendants' automobile. The jury found that the driver of defendants' automobile at the time of the collision was acting within the scope of his employment and that *Mr. Smith* sustained damages in the sum of $3,000.    Other findings are not challenged.    Defendants appealed from a judgment in favor of plaintiffs because they claim there is no basis for the finding that their driver was within the scope of his employment at the time of the collision; because the damages to *Mr. Smith* are excessive; and because of error in receiving incompetent and prejudicial evidence.

For the appellants there was a brief by *J. Elmer Lehr*

and *Raymond J. Cannon,* both of Milwaukee, attorneys, and *William W. Storms* and *Storms, Foley & Beck,* all of Racine, of counsel; and the cause was argued orally by *Mr. Lehr.*

For the respondents there was a brief by *Simmons & Walker* of Racine, and oral argument by *John B. Simmons.*

VINJE, J.   It appears that about 11 o'clock in the evening of October 16, 1918, a couple of men applied at defendants' garage and office for a car or cab in which to ride around the city.   Defendants sent one of their drivers, Haase, to take the men around the city, and, as they claim, instructed him not to leave the city.   Haase took them from saloon to saloon and drove them to Cudahy and further south.   He claims he was directed by them to do so, and also claims he got lost.   When they reached Kenosha the men jumped out, and, without paying the cab hire, told Haase to "beat it home."   On his way back he collided with the *Smith* automobile.

It is claimed that since Haase disobeyed instructions in taking the men out of the city he was outside the scope of his employment, and the cases of *Steffen v. McNaughton,* 142 Wis. 49, 124 N. W. 1016; *Gewanski v. Ellsworth,* 166 Wis. 250, 164 N. W. 996; and *Youngquist v. L. J. Droese Co.* 167 Wis. 458, 167 N. W. 736, are especially relied upon to sustain the claim.   If it were true that a servant is outside the scope of his employment whenever he disobeys the orders of his master the doctrine of *respondeat superior* would have but scant application, for the master could always instruct his servant to use ordinary care under all circumstances.   The servant's negligence would therefore always be contrary to orders and the nonliability of the master would follow.   But such is not the law.   The servant is within the scope of his employment when he is engaged in the master's service and furthering the master's business though the particular act is contrary to instructions.   The

purpose of the service rendered by the employee, and not the method of performance, is the test of whether or not the servant is within the scope of his employment. If the purpose is to further the master's business and not that of the servant, the latter is within the scope of his employment though he be negligent or disobeys orders as to the method of its execution. *Wilson v. Noonan,* 27 Wis. 598; *Bergman v. Hendrickson,* 106 Wis. 434, 82 N. W. 304; *Cobb v. Simon,* 119 Wis. 597, 97 N. W. 276; *Johnston v. C., St. P., M. & O. R. Co.* 130 Wis. 492, 110 N. W. 424; *Schultz v. La Crosse City R. Co.* 133 Wis. 420, 113 N. W. 658; *Daley v. C. & N. W. R. Co.* 145 Wis. 249, 129 N. W. 1062; *Ratcliffe v. C., M. & St. P. R. Co.* 153 Wis. 281, 141 N. W. 229; *Gray v. C. & N. W. R. Co.* 153 Wis. 637, 142 N. W. 505; *Oakes v. Marshall-Wells H. Co.* 158 Wis. 165, 147 N. W. 832.

In the present case Haase was, even under defendants' claim, furthering their business. He was driving for hire to be paid them. That it was not paid is immaterial. The cases relied upon by the defendants are therefore not applicable. In the *Steffen Case* the servant was using the automobile to get his dinner. Under the terms of the service he was then not in the master's employ at all. So in the *Gewanski Case,* the automobile was used by the servant in going home in the evening after his employment had ceased; and in the *Youngquist Case* the servant, without knowledge of the master, had taken the automobile for a trip of his own. In these cases the servants were not engaged in the master's business at all. This is not such a case.

Counsel for plaintiffs called one Kersey, under sec. 4068, Stats., who had interviewed the plaintiffs in regard to the accident and who was believed to have made a report thereon to some one. He was asked, "Are you an agent of the *Yellow Cab Company? A.* No, sir. *Q.* Are you an employee of the *Yellow Cab Company? A.* Indirectly. *Q.*

What do you mean by 'indirectly'? *A.* I am an employee of the insurance company." After the name of the insurance company was elicited there followed repeated efforts to ascertain if the company insured the *Yellow Cab Company,* and, if so, for injury to person as well as to property. The court sustained the objections to all such questions, but they were repeated again and again in varying form, and the record thereof covers four or five printed pages. Such persistent effort on the part of counsel to prejudice the jury against defendants by attempting to show they were insured was error (*Chybowski v. Bucyrus Co.* 127 Wis. 332, 106 N. W. 833; *Howard v. Beldenville L. Co.* 129 Wis. 98, 108 N. W. 48; *Kellner v. Christiansen,* 169 Wis. 390, 172 N. W. 796), and but for reasons hereinafter stated would result in a reversal. Trial courts, when such attempts are made, should firmly check them and admonish counsel not to persist therein. In this case the effort to nullify or ignore the law of the state might well merit a reversal if offending counsel instead of plaintiff bore the burden thereof. The report, if one were made, was not admissible in evidence. *Lehan v. C. & N. W. R. Co.* 169 Wis. 327, 172 N. W. 787; *Kellner v. Christiansen,* 169 Wis. 390, 172 N. W. 796. Counsel, therefore, when in answer to the proper question, "What do you mean by indirectly?" the witness said "I am an employee of the insurance company," should have promptly discontinued further inquiries as to insurance.

It remains to determine if the error is so prejudicial as to call for reversal. In the case there were but two important questions, namely, Was Haase within the scope of his employment? and, if so, What were plaintiffs' damages? The former is a question of law from undisputed facts, and if the jury had answered it otherwise than it did the answer could not stand. The error therefore did not prejudicially affect the question of liability. As to damages it appears that the jury assessed *Mrs. Smith's* damages to her person at $250 and to her automobile at $800. These

assessments are not challenged as excessive. The jury were not therefore prejudiced in passing upon the damage to the automobile or to the person of *Mrs. Smith,* for they satisfactorily assessed such damages. If they were not prejudiced in the assessment of those damages it cannot be said that they were prejudiced in assessing *Mr. Smith's* damages, which were of a like character to those to the person of *Mrs. Smith.* We must therefore hold that no prejudicial error resulted from the efforts of counsel to show that defendants were insured.

An examination of the evidence as to the injury resulting to *Mr. Smith* from the collision satisfies us that the damages awarded were not excessive. The trial court approved of the award and we cannot disturb it.

*By the Court.*—Judgment affirmed.