WOJCIECHOWSKI, Respondent, vs. BARON and another, Appellants.

*December 3, 1956—January 7, 1957.*

For the appellants there were briefs by *Quarles, Spence & Quarles*, attorneys, and *Edmund W. Powell* and *Anton*

*Motz* of counsel, all of Milwaukee, and oral argument by *Mr. Powell.*

For the respondent there was a brief by *Levin & Meyer* and *Sydney C. Charney,* attorneys, and *Emery Porter* of counsel, all of Milwaukee, and oral argument by *Mr. Porter.*

BROADFOOT, J. The defendants contend that several errors were committed during the trial. Their first contention is that from the testimony given upon the trial the jury could find only that the plaintiff was upon the shoulder of the road or that he was within two feet of the line between the center and east lanes of the highway when he was struck. They contend that there was no testimony that plaintiff was at any other point and the jury's finding of negligence as to his position on the highway necessarily means that he was at the point testified to by Baron and his witnesses when struck. They contend, therefore, that plaintiff's negligence as a matter of law was equal to or greater than that of the defendant driver.

Since there must be a new trial we will not comment extensively upon the evidence shown in the record. However, the contention of the defendants does not take into consideration the physical facts that were before the jury, such as the position of the body upon the highway after the accident. The plaintiff could have been causally negligent as to his position on the highway even though he was on the shoulder.

The defendants next contend that questions should have been included in the special verdict inquiring as to the causal negligence of the plaintiff in failing to yield the right of way. This contention is based to some extent upon their first claim. Definition sec. 85.10 (35), Stats., reads as follows:

"*Right of way.* The privilege of the immediate use of the highway."

Ch. 85, Stats., is entitled "Vehicles and Traffic." Perhaps the definition of "right of way" therein is broad enough to cover pedestrian traffic as well as motor traffic. However, a verdict inquiring both as to the plaintiff's negligence as to failure to yield the right of way and as to his negligence with respect to his position on the highway would be clearly duplicitous. Sec. 85.44, Stats., deals with pedestrian regulations and pedestrian right of way. The term "right of way" therein deals with situations where the pedestrian is crossing a street or highway. Sec. 85.44 (6) provides that where sidewalks are not provided pedestrians using the highway shall travel on the left side thereof and upon meeting a vehicle the pedestrian shall, if practicable, step to the extreme outer limit of the traveled portion of the highway. That traveled portion of the highway includes the shoulder. *Panzer v. Hesse,* 249 Wis. 340, 24 N. W. (2d) 613. In pedestrian cases we feel that confusion will be avoided if inquiries as to failure to yield the right of way are limited to those cases in which a pedestrian is crossing a street or highway, and that in instances such as the one here involved, the proper inquiry is as to position on the highway. The trial court, therefore, was correct in submitting the question as it did. Although the defendants are wrong in these contentions we have dealt with them because of the necessity for a new trial due to other errors.

Upon the trial the defendant Baron was asked if he had made a written report of the accident to his insurance company. He testified over objection that he had. His report was in the hands of his attorney. Again over objection the attorney was required to produce the statement, and in addition to being used for cross-examination it was read into the record and the statement itself was received as an exhibit. Such procedure was condemned in *Kellner v. Christiansen,* 169 Wis. 390, 172 N. W. 796, where this court held that the production and use of such a statement is not

supported by the established rules of evidence and procedure. The court there held that nothing had developed at that particular point in the trial making the report competent and material evidence in the case. However, we think such procedure also constitutes error because said report under the circumstances here was privileged. The general rule is stated in Anno. 22 A. L. R. (2d) 660, sec. 2, as follows:

"According to the weight of authority, a report or other communication made by an insured to his liability insurance company, concerning an event which may be made the basis of a claim against him covered by the policy, is a privileged communication, as being between attorney and client, if the policy requires the company to defend him through its attorney, and the communication is intended for the information or assistance of the attorney in so defending him."

In 58 Am. Jur., Witnesses, p. 282, sec. 503, the rule is stated as follows:

"A statement concerning an accident obtained by an employer from his servant for the *bona fide* purpose of being later transmitted to the employer's attorney for advice, or to be used by the attorney in connection with pending or threatened litigation, is privileged, because it is part of the communication from the client to his counsel. The same is true of a statement by the accredited agent of a corporation, giving his account of an accident for the use of counsel in pending or threatened litigation, a report by an insurer's agent to assist its counsel, and, it has been held, a report of a casualty by an insurer to the insurer's agent and delivered by him to its counsel to prepare a defense to a possible lawsuit."

In the present case the trial court ruled that the report was not privileged. In so ruling, the trial court relied upon the case of *Walsh v. Northland Greyound Lines*, 244 Wis. 281, 12 N. W. (2d) 20. In that case the plaintiff was injured while a passenger on a bus. While she was in the hospital a statement was taken from her by an agent

of the bus company. A copy of said statement was not left with the plaintiff. Before trial she made application for an order under sec. 269.57 (1), Stats., requiring the defendant to permit her to have inspection and a copy of said statement. The application was supported by her affidavit that at the time she gave the statement she was confined to her bed because of her injuries; that she was suffering excruciating pain and was under the influence of sedatives prescribed by her physician; that she was examined for an hour and three quarters by defendant's agent, who argued with her about the facts surrounding her injuries until she was completely exhausted mentally and physically. The order was granted by the trial court and upon appeal his ruling was affirmed.

That case is in no way applicable to the situation here. The facts are entirely different and the procedure there was under the discovery statute and was not a peremptory requirement at the trial to produce a statement by an adversary. Under the circumstances here the report was privileged, since it was given for probable use upon the trial. The fact that it was delivered to the attorney through the insurance company in no way destroys the privilege attaching to the report. Prejudice to the defendants resulted and therefore a new trial must be had.

The defendants also call our attention to a number of errors committed by plaintiff's counsel during the trial. These errors consisted of prejudicial remarks in the presence of the jury, leading questions, arguments in the presence of the jury after rulings by the trial court, and there were errors and prejudicial conduct on the part of plaintiff's counsel in argument to the jury. Perhaps none of the errors standing alone would be sufficiently prejudicial to require a new trial, but taken together they were highly prejudicial and in themselves would require a new trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.