JACOBI, Plaintiff and Respondent, v. PODEVELS and another, Defendants and Appellants. [Case No. 142.]

PODEVELS and another, Plaintiffs and Appellants, v. MILWAUKEE AUTOMOBILE MUTUAL INSURANCE COMPANY, Defendant and Respondent. [Case No. 143.]

LUDWIG, Plaintiff and Respondent, v. JACOBI and another, Defendants and Respondents: PODEVELS and another, Defendants and Appellants. [Case No. 144.]

*February 3—March 31, 1964.*

For the appellants there were briefs by *Stanley F. Schellinger,* attorney, and *James G. Doyle* of counsel, both of Milwaukee, and oral argument by *Mr. Schellinger.*

For the respondent Ludwig there was a brief by *Nathaniel D. Rothstein* and *Alan A. Olshan,* both of Milwaukee, and oral argument by *Mr. Rothstein.*

For the respondents William Jacobi, Jr., and Milwaukee Automobile Mutual Insurance Company, there was a brief and oral argument by *D. J. Regan* of Milwaukee.

For the respondent William Jacobi, Jr., there was also a brief by *Habush, Gillick & Habush,* attorneys, and *Robert L. Habush* and *Howard A. Davis* of counsel, all of Milwaukee, and oral argument by *Mr. Davis.*

FAIRCHILD, J. Appellants challenged a ruling of the circuit court that a written statement given by Jacobi on January 9, 1960, to an adjuster for his insurer, ten months before the commencement of the first action, was privileged. Jacobi testified upon the trial. On cross-examination, he indicated he had made the written statement referred to and had refreshed his recollection by reading it earlier in the day. Appellants' counsel, Mr. Schellinger, asked Mr. Regan, counsel for Jacobi and his insurer, to produce the statement. Mr. Regan objected that it was confidential. After a colloquy among court and counsel, Mr. Regan turned it over, and Mr. Schellinger began to cross-examine on the basis of the statement.

Later it developed that Jacobi's answer that he had used the statement to refresh his recollection was incorrect and was the result of misunderstanding a question. The court was satisfied Jacobi had not looked at the statement. The court then instructed the jury to disregard all references to the statement and required Mr. Schellinger to refrain from cross-examination based upon the statement.

1. *Alleged waiver of privilege.* It is asserted that if the statement was privileged, Mr. Regan waived the privilege by voluntarily surrendering the statement to Mr. Schellinger. Although the court did not expressly direct Mr. Regan to surrender it, we think the statements made by the court sufficiently indicated the court's agreement, at the time, with Mr. Schellinger's demand, so that Mr. Regan's surrender of the statement should not be deemed a voluntary waiver.

2. *Would exclusion of the statement, if erroneous, be prejudicial?* Each driver testified that he was driving at

less than 25 miles per hour, the legal limit. Each had a passenger who corroborated his testimony. One bystander testified to excessive speed of Jacobi, and one to excessive speed of Podevels. In the written statement, Jacobi admitted speed of 30 miles per hour and made statements bearing on the matter of lookout which were less favorable to his cause than his testimony at trial. It strikes us that the admission as to speed and the other inconsistencies between the statement made shortly after the accident and Jacobi's testimony would probably be quite persuasive. Under the circumstances we deem the ruling prejudicial if erroneous.

3. *Was the statement privileged?* This court has held that a statement given by an insured to his liability insurer under similar circumstances is a privileged communication, as being between attorney and client. *Wojciechowski v. Baron.*[1] The theory was that since the insurer was bound by its contract to defend the insured, the statement was, in effect, given to the insurer for transmittal to the attorney who would ultimately handle any litigation, and should be treated as a privileged communication between the insured as client and the attorney who might later defend him. The question is squarely presented whether we ought to overrule *Wojciechowski v. Baron, supra,* or apply its doctrine to the instant case.

We point out that when Jacobi gave the statement no action had been commenced nor could be said to be imminent. At any rate, no counsel had been assigned to advise and defend Jacobi. If the latter were the case, a claim of privilege could even more reasonably be made, or a claim that the work product of an attorney was involved.[2]

---

[1] (1957), 274 Wis. 364, 367, 80 N. W. (2d) 434.

[2] See *Hickman v. Taylor* (1947), 329 U. S. 495, 67 Sup. Ct. 385, 91 L. Ed. 451, and *State ex rel. Reynolds v. Circuit Court* (1961), 15 Wis. (2d) 311, 320, 112 N. W. (2d) 686, 113 N. W. (2d) 537.

A statement of the type under consideration will ordinarily be used by the insurer, along with statements of other witnesses and other information, to determine whether and on what basis adjustment of any claim shall be attempted, although if adjustment is not effected and a claim is pursued, all this information will be part of the file turned over to counsel for use in litigation. Whether the accident under consideration involves clear, doubtful, or no liability, and whether it will ever give rise to a claim in excess of coverage, or otherwise directly involve the personal interests of the insured, is often unknown at this stage.

When the insured makes such a statement he is ordinarily fulfilling a condition of his policy, requiring him to notify the insurer of the occurrence and circumstances of the accident and to co-operate with the insurer. If the statement be false, the insurer may use it against the insured as foundation for a claim of non-co-operation. If the statement discloses facts giving rise to some other defense against the insurer's liability under the policy, the insurer is doubtless free to make use of those facts. Because of these factors it is not wholly correct to say that a communication from insured to insurer is the same as a communication of client to attorney. We have said, without citing *Wojciechowski v. Baron, supra,* that a plaintiff could compel the production by the insurer, of statements made to it by its insured, and use such statements to impeach the insured as a witness upon the trial.[3] Thus if we adhere to *Wojciechowski v. Baron, supra,* we would need to retract that statement.

One of the fundamental policies of our law, and one which dominates in the absence of a special policy arising in particular types of situations, is that the judicial system and rules of procedure should provide litigants with full access

[3] *Kurz v. Collins* (1959), 6 Wis. (2d) 538, 549, 95 N. W. (2d) 365.

to all reasonable means of determining the truth. Secrecy of communication between one person and his attorney is one of the exceptions. It is based upon recognition of the value of legal advice and assistance based upon full information of the facts and the corollary that full disclosure to counsel will often be unlikely if there is fear that others will be able to compel a breach of the confidence.

Dean Wigmore has written:

"Nevertheless, the privilege [attorney-client] remains an exception to the general duty to disclose. . . . It is worth preserving for the sake of a general policy, but it is nonetheless an obstacle to the investigation of the truth. It ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle." [4]

Recognizing that a policy choice must be made with respect to confidentiality of statements by an insured to the insurer, some of the members of the court, including the writer of this opinion, would adhere to *Wojciechowski v. Baron, supra,* wherein the choice has previously been made by this court. The majority, however, conclude that this doctrine of *Wojciechowski v. Baron, supra,* is unsound and it is therefore overruled.

We therefore conclude that there must be a new trial of liability issues in the actions begun by Jacobi and Podevels.

4. *The Ludwig judgment.* It is unnecessary to reverse the judgment in favor of Mrs. Ludwig since both drivers were found negligent, and appellants' challenge goes to the issue of apportionment of negligence. Mrs. Ludwig was entitled to judgment for the full amount of her damages against each driver/insurer, with the right of each driver/insurer to have contribution from the other for any amount paid by him in excess of his share of the causal negligence as deter-

---

[4] 8 Wigmore, Evidence (McNaughton rev. 1961), p. 554, sec. 2291.

mined by the apportionment question. Apparently counsel for Mrs. Ludwig anticipates no difficulty in collection from either insurer, and drew the judgment so that Mrs. Ludwig would recover only 77 percent of her damages from one driver/insurer, and 23 percent from the other. At oral argument, we understood appellants' counsel to consent that her judgment be affirmed if he were permitted to challenge the ultimate apportionment. We therefore modify the Ludwig judgment so as to provide that if in the Jacobi and Podevels actions, Podevels be found less than 77 percent negligent, he or his insurer will be able to recover from Jacobi or his insurer any amount paid on the Ludwig judgment by Podevels or his insurer in excess of the percentage ultimately determined.

*By the Court.*—Judgments in the actions brought by Jacobi and Podevels reversed, and causes remanded for a new trial on issues other than damages. Judgment in favor of Audrey Ludwig modified as stated in the opinion and, as so modified, affirmed.

HALLOWS, J., dissents.