Argued April 30, reversed June 14, 1973

MOORE, *Appellant, v.* WRIGHT, *Respondent.*

510 P2d 1332

*Edward M. Murphy* of Stults, Jayne, Murphy & Anderson, Roseburg, argued the cause and filed briefs for appellant.

*Eldon F. Caley* of Long, Neuner, Dole & Caley, Roseburg, argued the cause and filed a brief for respondent.

McALLISTER, J.

This is a damage action for injuries sustained by plaintiff in a swimming pool accident. The jury returned a verdict for defendant and plaintiff appeals. We reverse.

The basic facts are not disputed. Plaintiff had taken her three teenage children and defendant Robin Wright, who was then nearly 14 years of age, to the municipal swimming pool in Myrtle Creek where all the young people participated in a senior lifesaving class. When the class ended at about six p.m. the pool was open for a family swim in which plaintiff, her children, and Robin and others participated, which participation included diving from the three meter board. Plaintiff dove from the board and was followed by Robin, who jumped feet first and struck plaintiff, who had not yet cleared the area beneath the board.

Plaintiff assigns as error the giving of an instruction which read in pertinent part as follows:

"* * * I will say this another way: The law provides, as applied to this case, that if a person knows or, in the exercise of reasonable care, would know that others are or will be negligent in some activity from which such person would receive injury and damage and if such person under those circumstances enters into the activity and thus voluntarily assumes the risk of injury from any such negligence, if any, then that person may not recover damages for any injury as may proximately result from the negligence the risk of which was voluntarily assumed. So, as to this specification, the questions for you are: Did the plaintiff know or, in the exercise of reasonable care, should she have known others, including this particular defendant, would be negligent in an activity from which plaintiff could receive injury and, if so, did

the plaintiff, under those circumstances, voluntarily enter into that activity and, if she did, was her voluntary entry into that activity conduct which, on her part which was a failure to conform to that standard of care the law imposes upon her, that is, would the reasonably prudent person have voluntarily assumed that risk? * * *"

Defendant urged the court to give the quoted instruction. Defendant argues that plaintiff, an adult and experienced swimmer, should have anticipated danger because the diving board was being used by teenagers, and because plaintiff is

"* * * charged with knowing the natural exuberance and enthusiasm of teenagers generally, and the risks created thereby, especially when they are engaged in a vigorous and athletic endeavor such as high diving."

Defendant relies upon the rule which is stated in Restatement of Torts 2d, § 466:

"The plaintiff's contributory negligence may be * * *

"(a) an intentional and unreasonable exposure of himself to danger created by the defendant's negligence, of which danger the plaintiff knows or has reason to know, * * *."

There was, however, not an iota of evidence that defendant or any other person had been negligent before plaintiff was injured, nor an iota of evidence that plaintiff knew or should have known that defendant or any other person, teenager or adult, would be negligent in the use of the diving board or in any other manner. Neither defendant nor any of the other teenagers using the diving board had acted negligently before plaintiff dove, nor had they given any indication that they were likely to act negligently.

Under those circumstances the quoted instruction was patently erroneous. Reversed and remanded for further proceedings consistent with this opinion.