**FORT HOWARD PAPER COMPANY, Plaintiff,**

v.

**AFFILIATED F. M. INSURANCE COMPANY, PROVIDENCE, RHODE ISLAND, Defendant and Third Party Plaintiff,**

v.

**PFEIFER & SCHULTZ, INC., a Minnesota corporation et al., Third Party Defendants.**

**No. 73–C–20.**

United States District Court, E. D. Wisconsin.

Oct. 29, 1974.

See also D.C., 60 F.R.D. 62.

Charne, Glassner, Tehan, Clancy & Taitelman by Irvin B. Charne, Milwaukee, Wis., for plaintiff.

Niebler & Niebler by George N. Kotsonis, Menomonee Falls, Wis., for Pfeifer & Schultz.

Gibbs, Roper & Fifield by Clay R. Williams, Milwaukee, Wis., for Affiliated, F. M. Ins. Co.

Ames, Riordan, Crivello & Sullivan by Donald H. Carlson, Milwaukee, Wis., for Valley Steel & Valley Ind.

Simarski, Goodrich, Brennan & Stack by Charles Collins, Milwaukee, Wis., for Vulcan Mfg. Co.

Quarles & Brady by Frank J. Daily, Milwaukee, Wis., for C. T. & I, Chicago Tube.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The third-party defendants C. T. & I. Corporation and Chicago Tube & Iron Company, Inc. have filed a motion to produce, pursuant to Rule 37(a), Federal Rules of Civil Procedure. They seek an order requiring the plaintiff Fort Howard Paper Company to produce the tape recording and transcript of an interview of one of Fort Howard's employees.

On January 3, 1972, the roof of a building collapsed while under construction on Fort Howard's premises. Fort Howard brought this action to recover under the terms of a policy of property insurance issued to it by the defendant, Affiliated F. M. Insurance Co. Affiliated subsequently impleaded various corporate defendants, including the movants.

While Affiliated was Fort Howard's property insurer, Employers Mutual Liability Insurance Company provided it with liability coverage. Because Employers was also the liability insurer for Appleton Erecting Co., Inc., a subcontractor on the building which collapsed, and because Fort Howard anticipated this litigation, on March 15, 1972, Fort Howard had Employers adopt

"a procedure whereby information submitted by [Fort Howard's] office will be sent directly to Attorney Whitney [who was retained by Employers to represent Fort Howard's interests] rather than become a part of our Wausau file. . . . The supervisor responsible for the Fort Howard file, . . . Stuart Hunt, will keep in touch with Mr. Whitney directly on these matters."

On July 11, 1972, Employers' Stuart Hunt conducted a recorded interview of Daniel Waselchuck, who was the supervising engineer at the collapse site and a Fort Howard employee. On April 5, 1974, the movants deposed Mr. Hunt and learned of the existence of the recording and transcript of the Waselchuck interview. At that time a demand was made upon Fort Howard to produce the material. The demand was refused, and the movants now seek an order to compel such production.

Fort Howard claims that production of the Waselchuck tapes and transcript is inappropriate on the grounds of the attorney-client privilege and the "work product" exceptions to such discovery. In addition, Fort Howard maintains that "no demonstration has been made that the third-party defendants cannot obtain the substantial equivalent of Mr. Wasel-

chuck's statements to Mr. Hunt, that Mr. Waselchuck's memory is faulty, or that [he] can no longer recall details of the collapse of the roof. . . ."

Rule 26(b)(1), Federal Rules of Civil Procedure, provides in pertinent part that

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ."

Fort Howard claims that it is entitled to invoke the attorney-client privilege because the person who interviewed its employee was the agent or representative of an attorney acting in its behalf. It relies on Harper & Row Publishers, Inc. v. Decker, 423 F.2d 487 (7th Cir. 1970), aff'd per curiam, 400 U.S. 348, 91 S.Ct. 479, 27 L.Ed.2d 433 (1971).

The third-party defendants place reliance upon the case of Jacobi v. Podevels, 23 Wis.2d 152, 127 N.W.2d 73, 76 (1964), in which the Wisconsin supreme court held that a statement given by an insured to his insurer shortly after an accident is not protected by the attorney-client privilege. A contrary rule in Wojciechowski v. Baron, 274 Wis. 364, 367, 80 N.W.2d 434 (1957), was expressly overruled in *Jacobi.*

I have examined the parties' arguments as well as the record before me, and I conclude that the attorney-client privilege is not applicable. A Fort Howard employee, Mr. Waselchuck was interviewed privately by Stuart Hunt, who was assigned by Employers to investigate the roof collapse. Although Mr. Hunt is said to have functioned under the direction of the attorney who was designated by Employers to represent Fort Howard, the attorney-client privilege should not be applied to insulate the Waselchuck interview. See Kurz v. Collins, 6 Wis.2d 538, 549, 95 N.W.2d 365 (1959).

I conclude that the materials which are the object of this motion to produce do not come within the attorney-client privilege; nor are they protected under the work-product doctrine or the exceptional circumstances rule.

Therefore, it is ordered that the third-party defendants' motion to produce, pursuant to Rule 37(a), Federal Rules of Civil Procedure, be and hereby is granted.