Argued May 5, reversed and remanded for a new trial
September 5, 1975

GOODMAN, *Appellant, v.* LAYNG, *Respondent.*
539 P2d 1047

[ 1 ]

*Richard Kropp,* of Emmons, Kyle, Kropp & Kryger, Albany, argued the cause for appellant. With him on the briefs was Edward L. Daniels, Albany.

*William M. Holmes,* of Gray, Fancher, Holmes & Hurley, Bend, argued the cause for respondent.

McALLISTER, J.

This is a personal injury damage action resulting from an automobile collision. The jury found for defendant, and plaintiff appeals. We reverse and remand for a new trial.

The accident happened on Highway 97 about 4 miles north of Terrebonne. At that point, the highway was straight and on that morning was icy with some snow in spots but there is no evidence that the ice or snow contributed to the collision. It was daylight and visibility was good. As plaintiff was driving north in her Datsun, she saw on the left or west side of the highway an overturned car. The car was about 3 or 4 feet west of the gravel shoulder on the west side of the highway. Two people were stand-

ing near the overturned car and were motioning for plaintiff to stop.

Plaintiff did stop, with her car about opposite the overturned car. Plaintiff asked if any help was needed and the two persons with the overturned car said they needed a ride back to Terrebonne. About that time, plaintiff's car was struck from the rear by defendant's Datsun coupe which was also traveling north on Highway 97.

Plaintiff's complaint charged defendant with negligence in several particulars with which we are not concerned here. Defendant, in her answer, charged that plaintiff was herself negligent, inter alia, "in stopping and leaving her vehicle standing on Highway 97 without leaving a clear and unobstructed width of at least 16 feet upon the main traveled portion of the highway immediately to the left of her vehicle".[1]

The plaintiff moved the court to withdraw from consideration by the jury the foregoing charge of negligence and assigns as error the denial of her motion. We think the trial court erred in submitting this charge of negligence to the jury.

The paved portion of the highway, where the collision occurred, was 32 feet wide, with 12 feet ex-

---

[1] This charge of negligence was based on ORS 483.362(1), which provides:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved, improved or main traveled portion of any highway, outside a business or residence district, when it is practicable to park or leave such vehicle standing off such portion of the highway; and in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than 16 feet upon the main traveled portion of the highway opposite such standing vehicle is left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon the highway."

tending on each side of the center line to a fog line, and an additional 4 feet from the fog line to the edge of the pavement. There was a 3 foot gravel shoulder on each side of the pavement.

Defendant testified that plaintiff's car was in her lane of traffic. She said:

"Q Where was the Coats [plaintiff's] car?

"A In my lane of traffic.

"Q And where was it when you hit it?

"A Same place."

She also testified:

"Q Do you recall where the — from your remembrance of where the Coats [plaintiff's] vehicle was in position with the center line?

"A In my — the way I remember it, it was like it had stopped in the road. Just, you know, you're driving down there and you stop."

We take defendant's testimony to mean that plaintiff's car was standing in about the center of the 12-foot northbound traffic lane. There was evidence that plaintiff's Datsun was 5 feet wide. If so, it is reasonable to assume that there was some appreciable distance, probably about three and one-half feet, between the left side of plaintiff's car and the center line of the highway.

■ We interpret ORS 483.362(1) to mean that the main traveled portion of the highway includes at least all of the paved portion of the highway.[2] Courts in other jurisdictions which have interpreted the "main traveled portion" have uniformly included all paved portions of the highway. *Silvey v. Harm,* 120 Cal

[2] The new Oregon traffic law, which goes into effect on July 1, 1976, merely requires that a clear and unobstructed width of the highway opposite the standing vehicle be left for passage of others. A specified width is no longer stated nor does the statute use the phrase "traveled portion of the highway." Or L 1975, ch 451, § 95(3).

App 561, 8 P2d 570, 573 (1932); *Farm Bureau Mutual Ins. Co. v. Kelley,* 155 Me 276, 153 A2d 603, 606 (1959). Some authorities would even include in the definition of "traveled portion" an improved shoulder, *Salinas v. Kahn,* 2 Ariz App 181, 407 P2d 120, 126-7 (1965); or any shoulder, *Wojciechowski v. Baron,* 274 Wis 364, 80 NW2d 434, 436 (1957).

Defendant testified that there was no oncoming traffic or other obstruction prohibiting her from passing to the left of plaintiff's car. Defendant in her brief, assumes that her Datsun was the same width as plaintiff's car. Accepting defendant's testimony, there was left for free passage of defendant's vehicle the distance from the left side of plaintiff's car to the center line plus 16 feet from the center line to the west side of the pavement.

■ Viewing the testimony in the light most favorable to the defendant there was no evidence that plaintiff violated ORS 483.362(1), and that charge of contributory negligence should not have been submitted to the jury. The error in submitting this issue to the jury was prejudicial. *McDonald v. Hanneson,* 263 Or 612, 616, 503 P2d 674 (1972); *Moore v. Wright,* 266 Or 15, at 17-18, 510 P2d 1332 (1973).

The case is reversed and remanded for a new trial.