MANUFACTURING SYSTEMS, INC. OF MILWAUKEE, Plaintiff,

v.

COMPUTER TECHNOLOGY, INC., Defendant.

Civ. A. No. 83–C–488.

United States District Court, E.D. Wisconsin.

Oct. 6, 1983.

David I. Nestingen, Milwaukee, Wis., for plaintiff.

Marcia R. Schwartz, Bruce G. Arnold, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action alleging breach of contract, misappropriation, conversion and fraud. The complaint was filed in Milwaukee County Circuit Court, but was removed here on April 4, 1983. The matter presently *sub judice* is plaintiff's motion to quash a deposition subpoena. The motion is denied.

The deposition subpoena was issued to Mr. Charles E. Prieve, an attorney of the firm representing Manufacturing Systems, Inc. of Milwaukee ("MSI") in this case. The substance of plaintiff's argument in support of its motion is that Mr. Prieve has been an attorney for MSI for a number of years and has represented his client in previous disputes and settlement negotiations with defendant Computer Technology, Inc. ("CTI"). Plaintiff asserts that the matters to be divulged in deposition pertain only to Mr. Prieve's activities as counsel for MSI, and that they are therefore protected by the attorney-client privilege. Additionally, plaintiff asserts that these matters pertain

to settlement negotiations in the present action and a prior action, and that they are thus irrelevant under Fed.R.Evid. 408.

Defendant does not dispute that the matters to be put to Mr. Prieve on oral examination pertain to his relationship with MSI as attorney. Defendant argues, instead, that MSI's motion fails to satisfy the "unreasonable or oppressive" standard of Fed.R.Civ.P. 45(b). In this regard, defendant argues that MSI's relevancy argument is impertinent and that the attorney-client privilege is inapplicable.

■ The subpoena under dispute calls both for the appearance of Mr. Prieve for deposition and for the production of certain documents.[1] As such, it is governed by Fed.R.Civ.P. 45(d)(1), which provides in part:

(d) Subpoena for Taking Depositions; Place of Examination.

... The subpoena may command the person to whom it is directed to produce and permit inspection and copying of designated books, papers, documents, or tangible things which constitute or contain matters within the scope of the examination permitted by Rule 26(b), but in that event the subpoena will be subject to the provisions of Rule 26(c) and subdivision (b) of this rule.

In turn, Fed.R.Civ.P. 45(b) provides that the subpoena may be quashed or modified if it is "unreasonable and oppressive." The burden of establishing unreasonableness or oppressiveness is on the party making the motion to quash, and the burden is particularly heavy compared to the showing that must be made for the purpose of obtaining a more limited form of relief. *Westinghouse Elec. Corp. v. City of Burlington,* 351 F.2d 762 (D.C.Cir.1965). However, Fed.R.Civ.P. 26(b), which governs discoverable matters generally, provides

(1) ... Parties may obtain discovery regarding any matter, *not privileged,* which is *relevant* to the subject matter

involved in the pending action ... (emphasis added).

Thus, a party may show cause to quash a subpoena by demonstrating that it is unreasonable or oppressive, or by demonstrating that the matters sought are nondiscoverable under Rule 26(b). I conclude that the Court has the power to quash or modify a subpoena if the matters sought are privileged or clearly irrelevant. *See* 9 Wright & Miller, Federal Practice & Procedure §§ 2456, 2457 (1971).

■ Plaintiff contends that because the matters upon which Mr. Prieve is to be deposed pertain to settlement negotiations between the parties, they are inadmissible under Fed.R.Evid. 408 and therefore irrelevant for the purposes of Fed.R.Civ.P. 26(b). I disagree. As a general proposition, not all inadmissible evidence is irrelevant. For example, certain information might be clearly relevant to a dispute, but nonetheless inadmissible by operation of the Federal Rules of Evidence. Moreover, the fact that the information may be inadmissible at trial is not necessarily a bar to discovery, as Fed.R.Civ.P. 26(b)(1) expressly provides. There need only be a reasonable likelihood that the information sought will lead to the discovery of admissible evidence. *Sherman Park Community Ass'n v. Wauwatosa Realty Co.,* 486 F.Supp. 838 (E.D.Wis.1980). Plaintiff's argument that Fed.R.Evid. 408 renders the matters under dispute inadmissible may well be correct, but the proposition that they are irrelevant under Fed.R.Civ.P. 26(b) is a *non sequitur.*

Plaintiff's challenge on the basis of the attorney-client privilege poses a more complex problem. Much of the difficulty stems from the fact that the Court can only guess at the questions that will be put to Mr. Prieve upon deposition. There appears no dispute that they will pertain to his activities as counsel for the plaintiff. However, CTI has indicated that the information it seeks has already been divulged to parties other than the attorney and his client, and

---

1. The deposition and production of documents were to have taken place on August 19, 1983. The parties have stipulated that the deposition will take place on a date to be agreed upon unless the present motion is granted.

that therefore the requisite confidentiality is lacking. Specifically, CTI contends that the information pertains to the settlement negotiations between itself and MSI, and that representatives of CTI were present. MSI does not challenge this contention.

In this case, the scope of the attorney-client privilege is determined in accordance with Wisconsin law. Fed.R.Evid. 501. The relevant statute, Wis.Stat. § 905.03, provides in part:

> (2) General rule of privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, (a) between himself or his representative and his lawyer or his lawyer's representative . . . .[2]

However, Wisconsin courts have consistently recognized that because this privilege "is 'an obstacle to the investigation of the truth' it should be 'strictly confined within the narrowest possible limits consistent with the logic of the principle.'" *Jax v. Jax,* 73 Wis.2d 572, 579, 243 N.W.2d 831, 836 (1976), *quoting Jacobi v. Podevels,* 23 Wis.2d 152, 157, 127 N.W.2d 73, 76 (1964). Indeed, § 905.03(1)(d) codifies the familiar exception that operates where the communication in question is intended to be disclosed to third parties. *See Jax, supra* 73 Wis.2d at 580, 243 N.W.2d 831 at 836. *See also Herman v. Schlesinger,* 114 Wis. 382, 90 N.W. 460 (1902) (interpreting predecessor statute).

CTI contends that *Jax, supra,* is dispositive of the present motion. In *Jax,* the plaintiff brought an action to recover on a promissory note allegedly executed by his former spouse. Among the witnesses was a Mr. Houck, who had performed certain legal tasks for the defendant. The trial court ruled that Mr. Houck's testimony pertaining to the promissory note was protected by the attorney-client privilege, and accordingly Mr. Houck refused to answer any questions directed to the note's preparation and execution. The Wisconsin Supreme Court reversed the ensuing judgment for the defendant, holding that the trial court's ruling on the privilege issue was prejudicial error:

> This court has, in the past, followed the general rule that an attorney may testify to the circumstances surrounding the preparation and execution of a document which is intended to be made public or to be relayed to a third party. *See: Herman v. Schlesinger, supra.* It appears from the testimony in this case that if Mr. Houck was in fact involved in the preparation and execution of the note, it was as a mere scrivener assigned to put the agreement of the parties in legal form. Except to the extent that any legal advice was sought or given, Mr. Houck should have been instructed to testify to what he knew about the note's preparation and execution, and the circumstances surrounding delivery of the note to Leonard Jax.

73 Wis.2d at 580, 243 N.W.2d at 836. In the Court's view, the signing of a document representing an agreement between two parties is generally not an act of disclosure to the attorney. *Id.*

The instant case bears some similarity to *Jax.* It appears from the complaint that MSI, its parent corporation Seitz Manufacturing Co. ("Seitz") and CTI were engaged in a legal dispute over the proprietary rights in a computer programming system. It also appears that the parties to that dispute settled their differences and entered into a joint venture agreement, and that CTI's alleged breaches of this agreement are the subject of the present action. Mr. Prieve, who acted as counsel for MSI in the negotiations leading to the joint venture agreement, is to be deposed by MSI's adversary. Therefore, as in *Jax,* a party's attorney is to be examined on matters pertaining to the preparation of a document that was relayed to a third party.

---

**2.** § 905.03(3) provides that the client's attorney may claim the privilege but only upon the client's behalf. Here, there is no dispute that Mr. Prieve claims the privilege upon MSI's behalf.

However, unlike the attorney in *Jax,* Mr. Prieve was not clearly acting as "a mere scrivener." Although none of the documents filed with the Court discloses whether Mr. Prieve communicated in confidence with his client, it is likely that confidential information was exchanged prior to the settlement negotiations. Insofar as these confidences were not intended to be disclosed to third parties, they are subject to the privilege and non-discoverable.

Given the parties' failure to apprise the Court with specificity of the information sought, I conclude that the only just disposition of this dispute is to deny the motion to quash, but also to limit the scope of the deposition. The documents before me indicate that CTI seeks information about the negotiations leading to the joint venture agreement, at which representatives of CTI were presumably present. The substance of these negotiations thus falls outside the protected realm. *See, e.g., Sears, Roebuck & Co. v. American Publishing & Supply Co.,* 19 F.R.D. 329 (E.D.Wis.1954). With regard to matters that were disclosed to CTI or other third parties in the course of the negotiations, MSI has failed to carry its burden of establishing confidentiality.

However, because it appears that MSI and Mr. Prieve may have exchanged confidences in the course of preparing for the negotiations, I believe that the subpoena should be modified. The Court has the inherent power to modify the subpoenas it issues. *See Ghandi v. Police Dep't of the City of Detroit,* 74 F.R.D. 115 (E.D.Mich. 1977). In this case, I find it appropriate to limit discovery by modifying the deposition subpoena, so that Mr. Prieve will be under no duty to disclose privileged matters. Therefore, the questions to be put to Mr. Prieve shall not extend to matters that were communicated solely between Mr. Prieve and MSI in their respective postures as attorney and client.

THEREFORE, IT IS HEREBY ORDERED that plaintiff's motion to quash the deposition subpoena is denied.

FURTHERMORE, IT IS ORDERED that the subpoena is modified to require Mr. Prieve to testify only to matters that were not confidential communications solely between himself and MSI in their respective postures as attorney and client.