UNITED STATES AVIATION UNDERWRITERS, INC., Managers to United States Aircraft Insurance Group and Whitman Aviation, Inc., Plaintiffs-Appellants,

v.

NATIONAL INSURANCE UNDERWRITERS, a Subsidiary of National Aviation Underwriters, FRA Enterprises, Inc., d/b/a Fox River Aviation, Dale Baugh and Larry Burris, Defendants-Respondents.†

Court of Appeals

*No. 83–617. Submitted on briefs November 28, 1983.— Decided January 4, 1984.*
(Also reported in 344 N.W.2d 532.)

† Petition to review denied.

418

For the plaintiffs-appellants, the cause was submitted on the briefs of *Daniel R. Doucette* of *Kluwin, Dunphy, Hankin & McNulty* of Milwaukee.

For the defendants-respondents, the cause was submitted on the briefs of *James F. Pressentin* of Green Bay.

Before Scott, C.J., Brown, P.J., and Robert W. Hansen, Reserve Judge.

SCOTT, C.J.   United States Aviation Underwriters, Inc. and Whitman Aviation, Inc. appeal from a judgment dismissing their action for monetary damages against National Insurance Underwriters, Inc. and the denial of their after-verdict motions. The primary issue before us is whether a pilot's failure to yield the right-of-way while landing as prescribed by 14 C.F.R. § 91.67(f) (1983) [1] constitutes negligence per se. We hold that 14 C.F.R. § 91.67, as promulgated under the authority of 49 U.S.C. § 1348 (1976), is a safety statute. Because the evidence establishes that the respondents' pilot violated § 91.67 (f), we conclude that his operation of the respondents' aircraft constituted negligence as a matter of law. Therefore, we reverse and remand with directions that judgment be directed in favor of the appellants and damages awarded accordingly.

The facts of the case legally significant to this appeal are not in dispute. The case arises out of a collision between two aircraft—a Piper Lance and a Piper Arrow —on June 6, 1979 at the Burlington, Wisconsin airport. The appellants United States Aviation, Inc. and Whitman Aviation, Inc., are the insurer and owner of the Piper Arrow which was operated at the time of the accident by Robert Lawn and William Curler. The respondents, National Insurance Underwriters, Inc. and Dale Baugh, are the insurer and operator of the Piper Lance.

---

[1] 14 C.F.R. § 91.67(f) (1983), states:
Right of Way Rules; Except Water Operations
(f) Landing.  Aircraft, while on final approach to land, or while landing, have the right-of-way over other aircraft in flight or operating on the surface. When two or more aircraft are approaching an airport for the purpose of landing, the aircraft at the lower altitude has the right-of-way, but it shall not take advantage of this rule to cut in front of another which is on final approach to land, or to overtake that aircraft.

The two aircraft collided while both were attempting to land at the Burlington airport. Apparently neither pilot saw the other aircraft. Both planes were destroyed in the accident. The appellants sought to recover the damages resulting from the destruction of the Piper Arrow, and the action was tried before a jury on January 31, 1983.

The evidence presented at trial established that the respondents' Piper Lance landed on top of the appellants' aircraft. Both Baugh and a defense expert witness testified to this fact.

At trial, neither party disputed the applicability of the Federal Aviation Regulations, specifically 14 C.F.R. § 91.67 (f), concerning the right-of-way rules for landing of aircraft. The trial court included this provision as part of the instructions submitted to the jury. The appellants argued that Baugh was negligent as a matter of law for failing to yield the right-of way to the Piper Arrow during landing and asked the trial court to enter a a finding accordingly. The trial court declined to do so and left it up to the jury to determine whether Baugh had violated 14 C.F.R. § 91.67 (f) and was negligent in operating the Piper Lance. The trial court did determine as a matter of law that the pilot of the Piper Arrow was not negligent in the operation of that aircraft. The jury returned a verdict finding Baugh not negligent in the operation of the Piper Lance.

During after-verdict motions, the appellants argued that Baugh was negligent as a matter of law for violating 14 C.F.R. § 91.67 (f) and that the evidence did not support the jury's finding that Baugh was not negligent as to lookout. The appellants requested the trial court to change the special verdict answers to reflect affirmative responses to the questions concerning whether Baugh was causally negligent in the operation of the Piper

Lance. The trial court denied these motions and entered judgment dismissing the action.

On appeal, the appellants renew their arguments made during the post-conviction stage. We hold 14 C.F.R. § 91.67 (f) is a safety regulation, the evidence established Baugh violated this provision, and that this violation constitutes negligence per se.

A safety statute is a legislative enactment designed to protect a specified class of persons from a particular type of harm. *Walker v. Bignell*, 100 Wis. 2d 256, 268, 301 N.W.2d 447, 454 (1981). 14 C.F.R. § 91.67 (f) provides, in relevant part, that "[w]hen two or more aircraft are approaching an airport for the purpose of landing, the aircraft at the lower altitude has the right-of-way . . . ." This regulation was promulgated under the authority of the Federal Aviation Program, 49 U.S.C. § 1348 (c) (1976), which provides that:

*The Administrator is further authorized and directed to prescribe air traffic rules and regulations governing the flight of aircraft,* for the navigation, protection, and identification of aircraft, *for the protection of persons and property* on the ground, and for the efficient utilization of the navigable airspace, *including rules as to safe altitudes of flight and rules for the prevention of collision between aircraft,* between aircraft and land or water vehicles, and between aircraft and airborne objects. [Emphasis added.]

The language of this section dictates the purpose and nature of the rules and regulations promulgated thereunder—in part, to protect persons and property by preventing collisions between aircraft. 14 C.F.R. § 91.67

(f) facilitates this purpose by prescribing specific right-of-way procedures required for the safe landing of two or more aircraft. We conclude that § 91.67 (f) is a safety provision because it was promulgated and designed to protect persons from injury and property from damage resulting from collisions between aircraft occurring during landing.

There is no question 14 C.F.R. § 91.67 (f) applied to the aircraft in this case. *See Sheboygan Airways, Inc. v. Industrial Commission,* 209 Wis. 352, 360–61, 245 N.W. 178, 181–82 (1932). Neither party objected to its substantive inclusion as a jury instruction.

There is no dispute that the planes collided while both were attempting to land and that Baugh's Piper Lance landed on top of the Piper Arrow. Both Baugh and Mr. Harris, the defense's expert witness, testified that the Piper Lance landed on top of the Piper Arrow. The applicability of 14 C.F.R. § 91.67 (f) and this testimony require the conclusion that Baugh failed to yield the right-of-way. We conclude there is no evidence to support a finding that Baugh did not violate § 91.67 (f).

The violation of a safety statute constitutes negligence per se if "the harm inflicted was the type the statute was designed to prevent and . . . the person injured was within the class of persons sought to be protected." *Walker* at 268, 301 N.W.2d at 454. The collision which occurred between the Piper Arrow and the Piper Lance is precisely the type of accident which observance of 14 C.F.R. § 91.67 (f) was designed to prevent. The occupants in the Piper Arrow and the Piper Lance are within the class of persons the regulation was promulgated to protect. We hold, therefore, that Baugh's violation of

§ 91.67 (f) constituted negligence per se. The trial court erred in not so finding and in not answering question #1 of the special verdict accordingly.

The respondents contend that the verdict finding that Baugh was not negligent in the operation of the Piper Lance is supported by the jury's belief in the credible expert testimony that Baugh was not negligent in failing to maintain a proper lookout for the Piper Arrow. The respondents seem to be arguing that the duty to yield the right-of-way is interrelated and, in fact, dependent upon a pilot's additional duty of lookout—in effect, that if Baugh was not negligent in failing to see the Piper Arrow, then there could also be no finding of negligence as to the duty to yield the right-of-way set out under 14 C.F.R. § 91.67 (f). This position is erroneous for it fails to recognize that these duties are separate and distinct.

The right-of-way regulation, 14 C.F.R. § 91.67 (f), imposes the duty of yielding right-of-way regardless of lookout. *Cf. Zartner v. Scopp,* 28 Wis. 2d 205, 216, 137 N.W.2d 107, 113 (1965). We recognize that automobile rules of the road do not apply directly to aviation cases. *Air Wisconsin, Inc. v. North Central Airlines, Inc.,* 98 Wis. 2d 301, 326–27, 296 N.W.2d 749, 760–61 (1980). However, we find the determination in *Zartner,* that lookout and yielding the right-of-way constitute separate duties, analogous and adopt it for purposes of aviation cases. We hold the duty to yield right-of-way under § 91.67 (f) is separate from and independent of a pilot's duty of lookout. A finding that a pilot failed to yield right-of-way constitutes negligence regardless of an opposite determination as to lookout. The duty to yield the right-of-way is an absolute duty, the violation of which is negligence as a matter of law. In this case, the un-

disputed evidence establishing that Baugh violated § 91.67 (f) requires a finding that he was negligent in operating the Piper Lance regardless of a finding that he was not negligent as to lookout.

Because the trial court found as a matter of law that Robert Lawn was not negligent in the operation of his aircraft, the court should also have answered question #2 of the special verdict in the affirmative. Given that Baugh was negligent in operating his aircraft and Lawn was not negligent, Baugh's negligence as a matter of law caused the damages awarded to the plaintiffs.

Finally, because the question of liability involved in its entirety a legal determination, the trial court should have directed verdict in favor of the appellants. We, therefore, reverse and remand to the trial court for a judgment on the verdict as modified by this opinion.

*By the Court.*—Judgment reversed and remanded.